(64 App. Div. 509.)

### FREEMAN v. AHEARN et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1901.)

1. ACTION FOR DOWER—ACCEPTANCE OF GROSS SUM—WAIVER OF IRREGULARI-
    TIES.
        Under Code Civ. Proc. § 1617, providing that in an action for dower the plaintiff may, at any time before an interlocutory judgment is rendered, where the defendants are in default, or at any time before the commencement of the trial, where an issue of fact is joined, file a consent to accept a gross sum in full satisfaction of her right of dower, where plaintiff files such consent after the interlocutory judgment, but prior to entry of judgment confirming the referee's report of sale of the land, irregularities in proceedings up to the time of filing are thereby cured.

2. SAME—APPLICATION FOR LEAVE TO PAY.
        Under Code Civ. Proc. § 1618, providing that at any time after consent is filed as prescribed in section 1617, and before an interlocutory judgment is rendered, defendant may apply for leave to pay such gross sum, whereupon the court may, in its discretion, make an order directing payment, in the absence of such application a judgment confirming a referee's report of sale of the lands in question will not be disturbed on appeal.

Appeal from special term, Kings county.

Action by Catharine Loretta Freeman against Elizabeth G. Ahearn and others. From a judgment in favor of plaintiff, defendants Elizabeth G. Ahearn and Fannie L. Freeman appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Francis A. McCloskey, for appellants.
Edmund G. Wakelee, for respondent guardian ad litem.
John C. Judge, for respondent Freeman.

PER CURIAM. The plaintiff brought this action to procure an admeasurement of dower in six houses and lots owned by her deceased husband. Section 1617 of the Code of Civil Procedure pro-

vides that in such an action the plaintiff may, at any time before an interlocutory judgment is rendered, where the defendants are in default, or at any time before the commencement of the trial, where an issue of fact is joined, file a consent to accept a gross sum in full satisfaction and discharge of her right of dower in the real property described in the complaint. No such consent was filed in this case until after the interlocutory judgment had been rendered. The plaintiff did file such a consent, however, prior to the entry of the judgment confirming the referee's report of sale. From this judgment the defendants Elizabeth G. Ahearn and Fannie L. Freeman have appealed by a notice in which they state their intention of bringing up for review the preliminary order of sale, and also an order amending the final judgment. In the brief in behalf of the appellants the determination of this appeal is said to depend upon the broad question of law: "Has the supreme court power, in an action for dower, to sell the fee of the lands in which dower is claimed, unless the plaintiff first files and serves a consent to accept a gross sum in lieu of dower, as required by section 1617 of the Code of Civil Procedure?" Under the circumstances presented in this case we think that the filing of the consent prescribed by section 1617 of the Code of Civil Procedure before the entry of the judgment confirming the sale sufficed to cure whatever irregularity there may have been in the proceedings before that was done. The language of the Code is "may," not "must." In such an action it is the widow who is chiefly concerned with the question whether she will accept a gross sum in lieu of dower or not. We cannot see how it makes any difference to the defendants in this case whether that consent was filed before or after the rendition of the interlocutory judgment, so long as the widow avowed her willingness to accept money, instead of the land, before the property was actually sold.

It is said in the brief of the learned counsel for the appellants that they have been deprived of their property without due process of law, because they have not been allowed to redeem by paying the dower in gross, as provided for in section 1618 of the Code of Civil Procedure. They do not appear, however, to have made any application to this end. If they had deemed this deprivation a denial of a substantial right, they could have applied to the court to set aside the interlocutory judgment and all proceedings subsequent thereto, and for an order granting them leave to pay such gross sum, if they had so desired. No application of this kind appears in the record. It is true that the defendants did ask for a modification of the judgment, but in an entirely different respect. They desired to strike out the direction to sell, and to substitute in lieu thereof a direction that a sum equal to one-third the rental value of the property be paid to the plaintiff annually during her life.

We find no defect or irregularity in the proceedings which would warrant any interference with the judgment, and conclude that it must be affirmed, with costs.